**Phillip J. SMITH, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

**No. 14–99–01333–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 2001.

Charles C. Orsburn, Houston, for appellants.

Kimberly Gamble, Houston, Linda Acevedo, Austin, for appellees.

Panel consists of Justices EDELMAN and FROST and Senior Chief Justice

MURPHY.*

## OPINION

EDELMAN, Justice.

Phillip J. Smith appeals a default judgment entered in favor of the Commission for Lawyer Discipline (the "Commission")[1] on the grounds that: (1) the trial court erred by not granting his motion for new trial; (2) there was no evidence to support the judgment; and (3) he was denied due process. We affirm.

## Denial of New Trial

■ Smith's first point of error contends that the trial court abused its discretion by failing to grant his motion for new trial and set aside the default judgment. A motion for new trial must be filed within thirty days after the judgment is signed. TEX.R.CIV.P. 329b(a). Moreover, a court may not enlarge the period for taking any action under the rules relating to new trials except as stated in the rules of civil procedure. TEX.R.CIV.P. 5. Because appellant's motion for new trial was mailed[2] on October 1, 1999, thirty-one days after the

judgment was signed on August 31, 1999, it was not timely filed. In addition, because no other post-judgment motions had been filed, the court's plenary jurisdiction had expired by the time appellant filed his motion for new trial. Accordingly, the trial court did not abuse its discretion by failing to grant appellant's motion for new trial.[3] See TEX.R.CIV.P. 329b(f). Thus, appellant's first point of error is overruled.

## Lack of Evidence and Due Process

■ Smith's second and third points of error contend that there was no evidence to support the judgment and that entry of the judgment was a violation of his right to substantive and procedural due process:

> The factual record in this case, on which the appellee must rely to support the [j]udgment of [p]rofessional [m]isconduct by Smith, must be found either in the cause of action plead[ing] filed by The Commission or in the Report's Record of the hearing on August 31, 1999. At the hearing on August 31, 1999, no testimony was taken and no exhibits were offered into evidence. No evi-

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

1. Among other things, the default judgment: (1) found that Smith had engaged in professional misconduct; (2) suspended him from the practice of law for thirty-six months, eighteen of which were probated; (3) ordered him to pay restitution to a chiropractor from whom he had withheld funds; and (4) ordered him to pay the Commission attorney's fees.

2. See TEX.R.CIV.P. 5. (A document is timely filed if it is mailed on or before the last day for filing and received by the clerk not more than ten days later.).

3. In *Jackson*, the Texas Supreme Court stated that it is within a trial court's discretion to consider a late-filed motion for new trial. *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex.1983). However, *Jackson* was based on a former version of rule 329b, whereby the

deadline for filing a motion for new trial was generally ten days after judgment, but the trial court had discretion to grant a motion for new trial until its plenary power expired, *i.e.*, thirty days after a judgment was rendered. See TEX.R.CIV.P. 329b(1), (5) (Vernon 1977 & Vernon Supp 2001, amended 1981). Under current rules, a trial court no longer has plenary power after the deadline for filing a motion for new trial has passed unless a post-judgment motion has previously been filed which extends the plenary period. See TEX.R.CIV.P. 329b(a), (d). Accordingly, in the absence of such a motion, a trial court has no discretion to consider a motion for new trial filed more than thirty days from the date of judgment. See *Owens–Corning Fiberglas Corp. v. Wasiak*, 883 S.W.2d 402, 408, 410 n. 9 (Tex.App.—Austin 1994, no writ); *Lind v. Gresham*, 672 S.W.2d 20, 22 (Tex.App.—Houston [14th Dist.] 1984, no writ).

dence may be found there. Even if the allegations of the petition filed by The Commission are taken as true, there are no facts alleged which would support the judgment.

However, because Smith's brief fails to specify the manner in which the evidence did not support the judgment or provide any authority, argument, or evidence showing how he was denied due process, these two points of error present nothing for our review. *See* Tex.R.App.P. 38.1(h). Accordingly, appellant's second and third points of error are overruled, and the judgment of the trial court is affirmed.