Affirmed and Opinion filed _____________, 2002















Affirmed and Memorandum
Opinion filed April 3, 2003.                                                     

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00484-CV  

____________

 

C & D
BROKERAGE COMPANY, INC., CYNTHIA COLLETTI VETRANO, AND DAVID LEE GILMER,
Appellants

 

V.

 

COMPASS BANK, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from 215th District Court

                                                           Harris
County, Texas                       

Trial Court Cause
No. 00-14582




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            Compass Bank filed suit on a
promissory note by C & D Brokerage Company that was guaranteed by Cynthia Vetrano and David Gilmer. 
The latter three appeal from summary judgments in favor of the Bank and
against them on their counterclaims.  In
their forty-page brief, appellants give us little more than generalities as to
where and how the trial court erred, or where in the 3,000-page record their
claims are supported. Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion affirming the
trial court.  See Tex. R. App. P. 47.1.

I.  Bill of Exception

            The parties are well acquainted with
the factual and procedural background of this case, so we will not recount it
here.  In their first issue, appellants
contend the trial court erred in refusing to permit them to make a formal bill
of exception or to have a court reporter record a proceeding in which the trial
court continued a trial setting. 
Although appellants do not explain precisely what they wished to include
in the bill, they apparently wanted a record that could be used in a motion to
recuse the trial judge.

            Generally, court reporters must
attend court sessions and make a full record of the proceedings unless excused
by agreement of the parties.  Tex. R. App. P. 13.1.  Even assuming appellants had a right to make
a record of this pretrial conference, they have failed to preserve error by
following the procedures required to show what it would have contained.  See Tex. R. App. P. 33.2.[1]  Thus, there is nothing in the record for us
to review.  See Cont’l Coffee Prods. Co. v. Cazarez, 903 S.W.2d 70, 80 (Tex. App.—Houston [14th
Dist.] 1995) (holding errors complained of in bill were not preserved for
review because appellant did not follow proper procedures), aff’d in part, rev’d in part, 937 S.W.2d 444
(Tex. 1997).  We find no error in the
trial court’s alleged refusal to permit a bill of exception, and overrule
appellants’ first issue.

II.  Recusal

            In their second issue, appellants
contend the trial judge should have been recused for
bias favoring the Bank and its counsel and antagonism toward appellants.  Appellants’ motion to recuse
was heard and denied by Regional Presiding Judge Olen Underwood.  We review the denial of a motion to recuse for abuse of discretion.  Tex.
R. Civ. P. 18a(f); Vickery v.
Vickery, 999 S.W.2d 342, 349 (Tex. 1999).

            Appellants sole contention is that
the trial judge’s pretrial rulings indicated bias.  In Ludlow
v. DeBerry, this Court held that “judicial
rulings alone almost never constitute a valid basis for a recusal
motion because they cannot possibly show reliance upon an extrajudicial source
and can rarely evidence the degree of favoritism or antagonism required when no
extrajudicial source is involved.” 959 S.W.2d 265, 271 (Tex. App.—Houston [14th
Dist.] 1997, no pet.) (quoting Liteky v. United
States, 510 U.S. 540, 555 (1994)). 
The proper remedy, if a party believes a ruling to be erroneous, is to
assign error on the basis of the rulings, not bring a motion to recuse.  In re M.C.M., 57 S.W.3d 27, 33 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied); Grider v. Boston Co., 773 S.W.2d 338, 346 (Tex. App.—Dallas 1989, writ
denied).  

            Except for the summary judgment
rulings affirmed below, appellants do not assign any error to the trial court’s
pretrial rulings.  Instead, they complain
the trial judge stated he does not like to be reversed; taken at its worst,
this might indicate antipathy toward appellate courts, but not appellants.  Appellants also assert the trial judge did
not read all their filings; again, assuming this pure speculation were true, we
can hardly blame the trial judge given the prolixity and difficulty in coming
to the point demonstrated by appellants’ counsel both below and on appeal.  Moreover, assumptions and counsel’s
subjective feelings do not constitute grounds for recusal.  Cf. Sommers v. Concepcion, 20
S.W.3d 27, 42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  Thus, the motion to recuse
was properly denied, and we overrule appellants’ second issue.

 

 

 

 

 

III.  The Summary Judgments

A.      Affidavits

In
a third multifarious issue,[2]
appellants make four arguments regarding the trial court’s summary
judgments.  In their first subissue, appellants contend the trial court erred in
striking portions of their responsive affidavits by fact witnesses Vetrano and Gilmer, and by expert witness Edmund Pankau.  Except as to
timeliness, the trial court sustained the Bank’s objections to the
affidavits.  We review a trial court’s
determinations regarding summary judgment proof under an abuse of discretion
standard.  Higginbotham v. Allwaste, Inc., 889
S.W.2d 411, 417–18 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

            On appeal, appellants assert several
general arguments regarding the Bank’s objections.  First, appellants contend the objections do
not state any legal basis for striking the testimony.  To the contrary, the Bank’s objections clearly
specified such bases (e.g., legal
conclusion, speculation, irrelevance). 
Second, appellants contend the stricken testimony included conclusions
or opinions of the fact witnesses permissible under Texas law.  See
Tex. R. Evid. 701.  But the Bank’s objections were, for the most
part, that the testimony stated legal
conclusions; Rule 701 does not allow fact witnesses to testify as to
those.  See United Way of San Antonio, Inc. v. Helping Hands Lifeline Found.,
949 S.W.2d 707, 713 (Tex. App.—San Antonio 1997, writ denied) (holding lay
witness may not give legal conclusion); see
also Ramirez v. Transcon. Ins. Co., 881 S.W.2d
818, 829 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that
portion of affidavit stating a legal conclusion was incompetent summary
judgment proof).  Because appellants do
not attack the Bank’s legal conclusion objection, we may affirm on that basis
alone.  See Larson v. Family Violence & Sexual Assault Prevention Ctr. of
S. Tex., 64 S.W.3d 506, 513-14 (Tex. App.—Corpus Christi 2001, pet. denied)
(holding there was no showing of error when trial court could have sustained
other objections not raised on appeal).

            Finally, appellants contend that the
stricken testimony of their expert was admissible under Rule 702 because it was
uncontroverted, and because he could testify
regarding “ultimate issues.”  Tex. R. Evid. 702, 704.  While uncontroverted
affidavits or expert opinions on ultimate issues may be considered in summary
judgments, see Tex. R. Civ. P. 166a(c), that does not
necessarily make all of them admissible. 
Here, the Bank objected to portions of Pankau’s
testimony as improper legal conclusions or conclusory
statements with insufficient basis.  For
example, Pankau concluded the Bank owed appellants a
fiduciary duty, even though this is (1) wrong, see Fleming v. Texas Coastal Bank of Pasadena, 67 S.W.3d 459, 461
(Tex. App.—Houston [14th Dist.] 2002, pet. denied), and (2) not a matter for
expert opinion, see Nat’l Convenience
Stores Inc. v. Matherne, 987 S.W.2d 145, 149 (Tex.
App.—Houston [14th Dist.] 1999, no pet.). 
Similarly, his opinion that there was evidence of fraud was based on
unspecified testimony about the Bank’s Cash Flow Manager Program that, based on
more unspecified testimony, was not well run. 
An expert’s mere legal conclusions or conclusory
statements are not competent summary judgment proof.  See Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex.
1997); Hightower v. Saxton, 54 S.W.3d
380, 389–90 (Tex. App.—Waco 2001, no pet.).

            Appellants do not suggest in their
brief how any particular statements from these affidavits were admissible over
the Bank’s objections.  The affidavits
number almost fifty pages, not including numerous attachments; clearly they
contained much objectionable matter that was properly excluded.  Without some indication from appellants as to
what parts were improperly excluded, we need not address everything in
them.  See Deutsch v. Hoover, Bax & Slovacek, L.L.P,
No. 14-00-01459-CV, slip op. at 2002 WL 31662403 (Tex. App.—Houston [14th
Dist.] 2002, no pet. h.); Houghton v.
Port Terminal R.R. Ass’n, 999 S.W.2d 39, 51 (Tex.
App.—Houston [14th Dist.] 1999, no pet.). 
Accordingly, the trial court did not abuse its discretion in striking
portions of appellants’ affidavits, and this subissue
is overruled.

B.  Counterclaims

            Appellants contend the trial court
erred in striking their fifth amended counterclaim, thus eliminating their
demand for an accounting.  But see Hutchings v. Chevron U.S.A., Inc., 862 S.W.2d 752, 762 (Tex.
App.—El Paso 1993, writ denied) (equitable accounting is proper only when
normal discovery procedures are inadequate). 
As to the sixth amended counterclaim, appellants merely assert the court
erroneously struck it.

            Appellants’ reasoning on this issue
is again difficult to discern.  As each
counterclaim was filed after the pleadings cutoff in the trial court’s docket
control order, the obvious reason (late filing) is barely mentioned.  Although they note the trial court continued
the trial setting, they have not shown by citation to authority that resetting
voids the docket control deadlines.  In
fact, appellants cite no authority on this subissue
and provide only general cites to the record. 
Thus, we overrule this subissue as it is not
adequately briefed.  See Tex. R. App. P.
38.1 (stating brief must contain clear and concise argument with appropriate
citations to authorities and the record); Smith
v. Comm’n for Lawyer Discipline, 42 S.W.3d 362,
363-64 (Tex. App.—Houston [14th Dist.]
2001, no pet.) (overruling issue based on appellant’s failure to provide
argument or authority in support of contention).

C.  Summary Judgments

            Appellants next raise three reasons
why the trial court erred in granting the summary judgments.  We address each in turn, applying the normal
standards of review.  See Tex.
R. Civ. P. 166a; Wal-Mart Stores,
Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex.
2002) (no-evidence standard); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985) (traditional standard).

1.  Authentication

            Appellants generally argue that the
Bank’s witnesses were not personally involved in drafting or signing any of the
documents attached, and thus could not authenticate them.  See
Tex. R. Evid. 803(6).  But a custodian of records may testify about
what they reflect even if they were created by others, or before the custodian
became an employee. See, e.g., Houston
Shell & Concrete Co. v. Kingsley Constructors, Inc., 987 S.W.2d 184,
186 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

            More importantly, appellants do not
point to, nor can we find, any place in the record where they obtained a ruling
on these objections.  Failure to obtain a
ruling on an objection as to the form of affidavit testimony waives the
objection.  Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex.
App.—Houston [14th Dist.] 2000, no
pet.) (finding party waived hearsay and foundation objections).  Accordingly, appellants failed to preserve
their objections by obtaining a ruling in the trial court.

2.  Alteration of Agreement

            Appellants next argue that an
alteration to the Merchant Services Agreement between C & D and the Bank
prevents the use of that document as summary judgment proof.  The document clearly shows the date of
termination of the agreement was changed from June 1, 1999, to June
 1, 2000, and the date after which the Bank would no longer purchase
receivables was changed from April 1,
 1999, to April 1, 2000.  The alteration is handwritten and the
initials of Norma Galloway, a senior vice president of the Bank, appear beside
each change.  Galloway
testified in her deposition that she did not remember if she made the change
before or after the document was signed on behalf of C & D.  In a reply to the response to the motion, the
Bank argued (1) without the change, the agreement would have been ineffective
because the agreement was signed in May 1999, a month after the original
deadline for purchasing receivables; (2) the change was not material and
materiality is an issue for the court to decide, citing Frost National Bank v. Burge, 29 S.W.3d 580, 599 (Tex. App.—Houston
[14th Dist.] 2000, no pet.); (3) the date was corrected to be consistent with
the parties’ agreement as stated in other documents signed on the same day; and
(4) the parties operated under the agreement well after the original
typewritten termination date.

            In their brief, appellants state
simply that, because Galloway could not say in her deposition when the
alteration occurred and Gilmer and Vetrano testified
the change was not made with their permission, a fact question exists as to
which terms (altered or unaltered) controlled termination of the
agreement.  Appellants include no
citations to authority, no responsive argument regarding the Bank’s
contentions, and only a citation to their own response to the motion.  Accordingly, we find appellants have failed
to adequately brief this issue.  See Tex.
R. App. P. 38.1.

3.  Summary Judgment Responses

            Appellants also contend their
summary judgment responses raised fact issues precluding a no-evidence summary
judgment.  Under Rule 166a(i), a trial court must grant a no-evidence motion unless
the respondent produces summary judgment proof raising a fact issue.  Tex.
R. Civ. P. 166a(i).  The respondent is not required to marshal its
proof but must point out evidence raising a fact issue on the challenged
elements.  Tex. R. Civ. P. 166a cmt.  Although appellants did attach voluminous
affidavits and documents to their responses, the responses themselves do not
point to any evidence as raising a fact issue.[3]  Accordingly, we find appellants failed to
meet the requirements of Rule 166a(i) for raising a
fact issue.  See, e.g., Walton v. City of Midland, 24 S.W.3d 853, 858 (Tex.
App.—El Paso 2000, no pet.) (holding response was inadequate because it failed
to direct trial court to any specific evidence raising fact issue).  

            Furthermore, appellants’ brief does
not contain references or citation to the record in support of their contention
that a fact issue existed precluding summary judgment.  We are not required to search a voluminous
record for evidence raising a fact issue without guidance from appellant.  Yard v.
DaimlerChrysler Corp., 44 S.W.3d 238, 243 (Tex. App.—Fort Worth 2001, no
pet.); Paull v. Capital Res. Mgmt., Inc., 987 S.W.2d
214, 220 (Tex. App.—Austin 1999, pet. denied); see also Tex. R. App. P. 38.1.  Accordingly, this subissue
is overruled.

 

 

D.  Orders

            Finally, appellants contend the
trial court erred in refusing to state the factual basis for the grants of
summary judgment.  Appellants, however,
cite to no authority to support this contention.  Rule 166a, governing summary judgments, does
not require a court to state the factual basis for its order.  Tex.
R. Civ. P. 166a.  Findings of fact
and conclusions of law are simply not appropriate in the summary judgment
context.  See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440,
441–42 (Tex. 1997).  Accordingly, this subissue is overruled. 


IV.  Conclusion

 

It had once
been noted at the bar, that while Mr. Stryver was a
glib man, and an unscrupulous, and a ready, and a bold, he had not that faculty
of extracting the essence from a heap of statements, which is among the most
striking and necessary of the advocate’s accomplishments.

 

                                                                       Charles
Dickens

                                                                       A
Tale of Two Cities

 

            We would not apply any of Mr.
Dickens’s characterizations to appellants’ brief other than the last.  Because appellants have failed to extract
from this voluminous record facts, proof, arguments, or authority to support
most of their issues, and failed to show error on those few in which they did,
we overrule all issues.  

            The judgment of the trial court is
affirmed.

 

                                                                                                

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

Judgment
rendered and Opinion filed April 3, 2003.

Panel
consists of Chief Justice Brister, Justice Fowler,
and Senior Chief Justice Murphy.[4]

 











[1]
Appellants did not file an actual bill of exception or file a “bystander” bill
with the requisite affidavits.  Nothing
in Rule 33.2 requires the trial court to provide the services of a court reporter
for the party to use in making its bill. 
Indeed, given that formal bills of exception are applicable only when a
matter would not otherwise appear in the record, the use of a court reporter to
record proceedings would negate the need for a bill of exception.  See
Tex. R. App. P. 33.2.  Because there is no clear indication in the
record or in appellants’ brief as to what would have been included in the bill,
we make no conclusions whether such a bill would have been appropriate.  Appellants may have intended to request
permission to make an offer of proof, or what used to be known as an “informal
bill of exception.”  See Tex. R. Civ. P.
103(a)(2).  Offers of proof, however, are
only necessary when the trial court has excluded evidence.  Id.  Appellants do not contend that their request
to make a bill of exception involved any evidence excluded by the trial court.





[2]
Although appellants’ third issue is multifarious, to the extent we can
ascertain the alleged errors with reasonable certainty, we will address the
substance of appellants’ subissues.  See Zeolla v. Zeolla, 15 S.W.3d
239, 243 n.2 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).





[3]
For example, appellants’ “Response to Compass Bank’s Second Amended Motion for
Summary Judgment” contains 35 pages of objections and exceptions to the Bank’s
summary judgment proof, and it attaches voluminous documentation; however, it
does not reference any of the attached documentation as raising a fact issue.





[4] Senior Chief
Justice Paul Murphy sitting by assignment.