Opinion issued July 1, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00065-CV

———————————

 

Ali YaZDchi, Appellant

 

V.

 

Unauthorized Practice of Law Committee, Appellee



 



 

On Appeal from the 165th District Court

Harris County, Texas



Trial Court Case No. 2006-66712

 



 

 

MEMORANDUM OPINION

          Appellant,
Ali Yazdchi, appeals a summary judgment rendered in favor of appellee, the
Unauthorized Practice of Law Committee of the Supreme Court of Texas
(“Committee”).  The summary judgment
rendered in favor of the Committee permanently enjoins Yazdchi from engaging in
the unauthorized practice of law.  In four
issues, Yazdchi contends the trial court erred because (1) affidavits
supporting the Committee’s summary judgment motion contained “conclusory and
hearsay statements,” (2) it did not allow him to testify at the temporary
injunction hearing, (3) he denied all requests for admissions, and (4) he
stated in an affidavit that he never practiced law without a license.  We conclude we lack jurisdiction to address
his second issue regarding the temporary injunction.  We further conclude that Yazdchi waived error
regarding his other issues.

          We
affirm.

Background

          To
protect the public, the Supreme Court of Texas appoints nine members to the
Committee for the purposes of investigating and prosecuting persons who
practice law without authorization.[1]  The Committee pursued an administrative
action against Yazdchi, giving him the opportunity to attend a hearing before
the Committee’s Houston Subcommittee.  Although
the Subcommittee notified Yazdchi of an administrative hearing to address
allegations of his unauthorized practice of law, Yazdchi failed to appear.  Because Yazdchi failed to appear at the
administrative hearing, it instituted a lawsuit against Yazdchi to enjoin him
from engaging in the unauthorized practice of law.

          The Committee brought suit against
Yazdchi in 2006.  It petitioned for a
declaratory judgment against Yazdchi, and requested the court to temporarily
and permanently enjoin him from the unauthorized practice of law.  The trial court held a temporary injunction
hearing in November 2007.  At the
hearing, the Committee produced evidence that Yazdchi did not have a license to
practice law in Texas.  Other evidence
produced by the Committee shows that Yazdchi set up a business under his alias,
Al Giovanni, called “Giovanni and Associates.” 
It further shows that under his Giovanni alias, Yazdchi attempted to
represent multiple people in insurance claims. 
Yazdchi later sought payment from insurance companies under the auspice
that he represented clients with claims against the insurance companies.  One letter in evidence shows Yazdchi asked
Farmers Insurance Group to send him over $29,000 on behalf of Mariana Gonzales,
a “client” of his. Yazdchi’s attorney, Michael O’Conner, later sent a letter to
Farmers Insurance Group instructing Farmers “not to pay Ms. Gonzales any
insurance proceeds” because “Mr. Giovanni has expended services and monies in
connection with [Gonzales’s] insurance claim.”  An affidavit from Michele Quattlebaum states
that Yazdchi admitted to her that he “was not a licensed Texas attorney but an
‘international attorney’ and has more ‘power’ than the State Bar of
Texas.”  She continued and stated that
her insured, Marianna Gonzales, “thought he was an attorney as he provided
h[er] a letter of ‘representation’ and a ‘Letter of Protection’ of the medical
bills, after ‘attorney fees are taken out.’” 
She then stated, “[h]e admitted to [her] he does not have nor need a
Texas license to represent clients in Texas because he is far better than a
Texas attorney,” and that “[h]e threatened [her] if [she] raised an issue about
it when [she] requested proof [that] he was an attorney.”  

          The
trial court granted the temporary injunction based upon the evidence and testimony
produced at the hearing and set a trial date for the permanent injunction.  The Committee later moved for summary
judgment and supported its motion with evidence and testimony from the
temporary injunction hearing.  In October
2008, based upon the evidence provided by the Committee, the trial court
granted the Committee’s motion for summary judgment and permanently enjoined
Yazdchi from the unauthorized practice of law. 
This appeal followed.

Temporary Injunction

          In
his second issue, Yazdchi contends the trial court erred because it denied him
the opportunity to “defend or testif[y] in his defense.”  To support his assertion, Yazdchi points to a
portion of the record containing the temporary injunction hearing.  The record states, 

[Yazdchi]:
  Your Honor, I would like to
testify.  I would like to testify in this
proceeding.

 

The
Court:            No,
sorry.  I granted [the Committee’s]
relief without your testimony so there’s nothing for you to testify about.

 

[Yazdchi]:   Okay.

 

          Yazdchi’s
complaint regards the temporary injunction. 
The trial court has already entered a permanent injunction against
Yazdchi.  A final judgment renders an
appeal relating to a temporary injunction moot. 
See Lincoln Property Co. v. Kondos,
110 S.W.3d 712, 716 (Tex. App.—Dallas 2003, no pet.) (citing Richards v. Mena, 820 S.W.2d 372, 372
(Tex. 1991) (final injunction moots appeal of temporary injunction)).

          We overrule
Yazdchi’s second issue.

Waiver of Error

          We
conclude that Yazdchi has waived his three remaining issues for failure to
preserve error before the trial court or for failure to adequately brief his
issues.  See Tex. R. App. P. 33.1 (as prerequisite to presenting complaint
for appellate review, record must show that complaint was made to trial court
by timely request, objection, or motion and that trial court (1) ruled on
request, objection, or motion, either expressly or impliedly, or (2) refused to
rule on request, objection, or motion, and complaining party objected to refusal);
Tex. R. App.
P. 38.1(i) (stating that brief
must contain clear and concise argument for contentions made with appropriate
citations to authorities and record).

 

 

          A.      Summary
Judgment Evidence  

In his first issue, Yazdchi
contends the trial court erred in granting a permanent injunction against
him.  The permanent injunction was
granted through a summary judgment.  Yazdchi
contends that the affidavits the Committee used to support its summary judgment
were insufficient evidence because the affidavits contained “conclusory and
hearsay statements.”

                    1.       Standard
of Review

          We
review summary judgments de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  Summary
judgment is proper only when a movant establishes that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we must
indulge every reasonable inference in favor of the nonmovant, take all evidence
favorable to the nonmovant as true, and resolve any doubts in favor of the
nonmovant.  Valence Operating Co., 164 S.W.3d at 661.  

Summary judgment may be granted on
the basis of uncontroverted testimonial evidence of an interested witness if
that evidence “is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted.” Tex. R. Civ. P. 166a(c); Brandes v. Rice Trust, Inc., 966 S.W.2d
144, 149 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  The unauthorized practice of law is a proper
subject for summary judgment.  Crain v. Unauthorized Practice of Law Comm.,
11 S.W.3d 328, 332 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  When activities alleged to be the practice of
law are undisputed, courts have the inherent power to determine on a
case-by-case basis whether those activities constitute the unauthorized
practice of law.  Id.  

                    2.       Analysis

Yazdchi asserts the trial court
erred because the summary judgment was based upon affidavits containing
“conclusory and hearsay statements.”  An objection based on a
summary judgment affidavit’s conclusory statements is an objection to
substance, which may be raised for the first time on appeal; whereas, an
objection based on lack of foundation or hearsay is an objection to form, which
requires a written ruling for appellate review. 
See Green v. Indus. Specialty Contractors, 1 S.W.3d 126, 130
(Tex. App.—Houston [1st Dist] 1999, no pet.). 


          At
the outset, we note that the trial court did not rule on any objections by
Yazdchi to the affidavits.  As a result, Yazdchi’s
objections as to the form of the affidavits are waived.  See Hogan v. J. Higgins Trucking, Inc.,
197 S.W.3d 879, 883 (Tex. App.—Dallas 2006, no pet.) (“[T]here must be some
indication that the trial court ruled on the objections in the record or in the
summary judgment itself, other than the mere granting of the summary
judgment.”).   

Yazdchi’s objection on appeal that
the affidavits are conclusory is an objection to the substance of the
affidavit, which may be raised for the first time on appeal.  See Green, 1 S.W.3d at 130 (citing City of Wilmer v. Laidlaw Waste
Sys., Inc., 890 S.W.2d 459, 467 (Tex. App.—Dallas 1994), aff’d, 904
S.W.2d 656, 660–661 (Tex. 1995)).  Thus,
Yazdchi did not need to obtain a ruling to raise this objection on appeal.  See id.  Nevertheless, Yazdchi’s argument on appeal is
vague and inadequately briefed.  Yazdchi does
not cite to the record.  His sole
argument is that the statements are conclusory because “[he] never
communica[ted] with [the Committee] or their witnesses in addition never met
them [sic].”  Finally, he cites two cases
that do not support his assertions.  Both
of Yazdchi’s citations to Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986), and Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508 (Tex. 1995), fail to provide authority for his argument.  Accordingly, we hold that Yazdchi has waived
his assertion that the affidavits are conclusory.  Tex.
R. App. P. 38.1(i); Fredonia State Bank v. Gen. Am. Life Ins. Co.,
881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to
deem points of error waived due to inadequate briefing); Smith v. Comm’n for Lawyer Discipline, 42 S.W.3d 362, 363–64 (Tex. App.—Houston
[14th Dist.] 2001, no pet.) (overruling issue based on appellant’s failure to
provide argument or authority in support of contention). 

We overrule Yazdchi’s first issue.

          B.      Requests
for Admissions and Yazdchi’s Subjective Statement

In his third and fourth issues,
Yazdchi contends without elaboration that the trial court erred because he
denied requests for admissions and because he stated in an affidavit that he
had not practiced law without a license. 
We conclude Yazdchi has failed to adequately brief these issues and has,
therefore, waived any error.  See Tex.
R. App. P. 38.1(i); Fredonia State Bank, 881 S.W.2d at 284–85; Smith, 42 S.W.3d at 363–64.

We overrule Yazdchi’s third and
fourth issues.

Conclusion

          We affirm the judgment of the trial
court.

 

 

 

                                                                             Elsa
Alcala

                                                                             Justice

 

Panel
consists of Justices Jennings, Alcala, and Massengale.

 

 











[1]           Crain v. Unauthorized Practice of Law Comm., 11 S.W.3d 328, 331 (Tex. App.—Houston [1st
Dist.] 1999, pet. denied).