Opinion issued July 28, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00606-CV

———————————

Brian Penny and
Cynthia Penny, Appellants

V.

Shell Oil Products Company, L.L.C., Shell Deer
Park, Shell Oil Company, Shell Chemical Company, and Equilon Enterprises,
L.L.C., Appellees



 



 

On
Appeal from the 113th District Court

Harris
County, Texas



Trial Court Case No. 2006-80282

 



 

O P I
N I O N

Appellants, Brian and Cynthia Penny,
appeal the trial court’s grant of summary judgment in favor of appellees, Shell Oil Products Company, L.L.C., Shell
Deer Park, Shell Oil Company, Shell Chemical Company, and Equilon Enterprises,
L.L.C.  In two issues, appellants challenge
the trial court’s rendition of summary judgment in favor of appellees.

We dismiss for lack of jurisdiction.

                                                                                                                                                                
Background

On December 21, 2006, the Pennys brought premises
liabilities claims against Shell Oil Products Company, L.L.C., Shell Deer Park,
Shell Oil Company, Shell Chemical Company, and Equilon Enterprises, L.L.C. for
injuries sustained by Brian Penny in January 2005.  The defendants answered in February 2007.  Some time after suit was filed, Helmsman
Management Services, Inc. intervened in the suit, asserting rights of
subrogation.

In June 2009, all of the defendants except for Shell Deer
Park moved for summary judgment on the grounds that there was no evidence of a
premises defect.  Plaintiffs
responded.  On September 15, 2009, the
trial court granted summary judgment in favor of all of the defendants except
for Shell Deer Park on all claims brought by the Pennys against them.

Shell Deer Park moved for summary judgment on December 9,
2009, arguing that it was not a legal entity and there was no evidence that it
was the premises owner.  Plaintiff
responded.  On January 20, 2010, the
trial court granted summary judgment in favor of Shell Deer Park on all claims
brought by the Pennys against it.  This
order was titled “Final Summary Judgment.”

On February 11, 2010, all of the defendants moved for
summary judgment on Helmsman Management Services, Inc.’s claims of
subrogation.  The trial court granted
summary judgment on March 15, 2010.  This
order was also titled “Final Summary Judgment.”

It is undisputed by the parties that the March 15 order
disposed of all issues and parties remaining in the suit at that time.

On March 24, 2010, the defendants filed Defendants’ Motion
for Clarification and/or Entry of Final Judgment.  In the motion, the defendants asserted,

This Court has granted summary judgment in favor of all Defendants
on all of Plaintiffs’ and Intervenor’s claims.  Most recently, the Court granted Defendants’ Summary
Judgment on Intervenor’s claims.  The
order granting this summary judgment (signed on March 15, 2010) disposed of the
remaining claims in this lawsuit.  Nonetheless,
the docket sheet indicates that this summary judgment is interlocutory.

The defendants continued to assert, citing to legal
authority, that the March 15 order was a final judgment, disposing of all
claims and parties, and that it was incorrect for the court’s docketing system to
identify the March 15 order as interlocutory. 
In their concluding paragraph, defendants stated,

Because all of Plaintiffs’ and Intervenor’s claims have
been resolved on summary judgment, Defendants respectfully request that this
Court clarify the docket sheet to indicate that final judgment has been
entered.  Alternatively, in accordance
with the case law cited above, Defendants request that this Court enter a final
judgment in their favor.

On April 20, 2010, the trial court entered another
order.  Like the January 20 and March 15
orders, it was titled “Final Summary Judgment.” 
The order stated:

          After
considering Defendants’ Motion for Summary Judgment on all Claims, the
response, if any, [and] the arguments of counsel, if any, the court:

 

          GRANTS
Defendants[’] Motion for Summary Judgment and ORDERS that judgment be entered
in favor of Defendants.

 

          All
relief not granted in this judgment is denied.

The Pennys filed a motion for new trial on May 10, 2010,
and a notice of appeal on July 20, 2010.

On May 25, 2011, we issued an order requesting briefing on
whether we had jurisdiction to consider this appeal.  Both appellants and appellees filed briefs on
the issue.

                                                                                                                                                                         
Analysis

A notice of appeal must be filed within 30 days after the judgment
is signed.  Tex. R. App. P. 26.1. 
If a timely motion for new trial is filed, a notice of appeal must be
filed within 90 days after the judgment is signed.  Tex.
R. App. P. 26.1(a)(1).  This Court
lacks jurisdiction over an appeal when the notice of appeal is not timely
filed.  See Tex. R. App. P. 25.1(b); Garza
v. Hibernia Nat’l Bank, 227 S.W.3d 233, 233 (Tex. App.—Houston [1st Dist.]
2007, no pet.).

Similarly, the trial court retains plenary power over a
case for thirty days after signing a final judgment.  Tex.
R. Civ. P. 329b(d); Lane Bank
Equip. Co. v. Smith S. Equipment, Inc., 10 S.W.3d 308, 310 (Tex. 2000).  The plenary power of the court can be
extended by timely filing an appropriate postjudgment motion, such as a motion
for new trial or a motion to modify, correct, or reform the judgment.  Lane
Bank, 10 S.W.3d at 310.  Filing such
a motion extends the trial court’s plenary power up to 75 days.  Id.;
Tex. R. Civ. P. 329b(c).  “During this time, the trial court has
plenary power to change its judgment.”  Lane Bank, 10 S.W.3d at 310.  

Filing a timeline-extending motion outside the court’s
plenary power does not revive or extend the court’s plenary power.  See
Smith v. Comm’n for Lawyer Discipline, 42 S.W.3d 362, 363 (Tex.
App.—Houston [14th Dist.] 2001, no pet.) (holding late-filed motion for new
trial could not be considered by judge because plenary power had expired).  Likewise, a judgment signed by the trial
court outside of its plenary power is void and has no effect.  Tex.
R. Civ. P. 329b(f).

We must determine, then, when the trial court rendered a
final judgment and whether the parties timely filed a timeline-extending
motion.  First, we consider when the
trial court rendered a final judgment.  “[A]
judgment issued without a conventional trial is final for purposes of appeal if
and only if either it actually disposes of all claims and parties then before
the court, regardless of its language, or it states with unmistakable clarity
that it is a final judgment as to all claims and all parties.”  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 192–93 (Tex. 2001).  

It is undisputed by the parties that the March 15 order
disposed of all issues and parties remaining in the suit at that time.  The March 15 order, then, was a final
judgment.  See id. at 200 (holding “if a court has dismissed all of the claims
in a case but one, an order determining the last claim is final”).  The previous orders granting summary judgment
merged into the March 15 order.  See City of Beaumont v. Guillory, 751
S.W.2d 491, 492 (Tex. 1988) (holding partial summary judgment becomes
appealable when it merges into final judgment).

The next order signed by the trial court was signed on
April 20, which was 36 days later. 
Unless some other action was taken to extend the trial court’s plenary
power, this order—purporting to render a final judgment—was signed outside the
court’s plenary power and, accordingly, was void.  See
Tex. R. Civ. P. 329b(d)
(providing trial court’s plenary power expires 30 days after signing final
judgment), (f) (providing judgment signed by trial court outside of its plenary
power is void).

The only action taken by any of the parties between the
March 15 order and the April 20 order was Defendants’ Motion for Clarification
and/or Entry of Final Judgment.  This motion
unequivocally asserted that the March 15 order was a final judgment and that no
parties or claims remained outstanding.  The
defendants’ only complaint was that the March 15 order had been miscoded on the
court’s docketing system.  The defendants
sought a correction of the docketing system. They were not seeking a modification
of the judgment itself.  

Stated differently, as of March 15, the defendants had
received all of the relief they had sought from the trial court.  Their motion did not seek any further relief,
only recognition (in the court’s docketing system) of what they already had: a
final judgment in their favor on all claims.

The parties do not argue, nor do we determine, that the
defendants’ motion qualifies as a deadline-extending motion.  It is not a motion for new trial.  See
Tex. R. Civ. P. 329b(e) (providing
that motion for new trial extends trial court’s plenary power); Tex. R. App. P. 26.1(a)(1) (providing
motion for new trial extends deadline for parties to file notice of
appeal).  Nothing in the motion suggests
they were seeking to relitigate any issue already resolved by the trial court.

It was also not a motion to vacate, modify, correct, or
reform the judgment.  See Tex.
R. Civ. P. 329b(g) (providing that motion to vacate, modify, correct, or
reform the judgment extends trial court’s plenary power); Tex. R. App. P. 26.1(a)(2) (providing
motion to modify the judgment extends deadline for parties to file notice of
appeal).  The Texas Supreme Court has
held that any “postjudgment motion that seeks a substantive change in an
existing judgment qualifies as a motion to modify under Rule 329b(g), thus
extending the trial court’s plenary jurisdiction and the appellate
timetable.”  Lane Bank, 10 S.W.3d at 314. 
The defendants, however, did not seek any change in the judgment.  Instead, they unequivocally asserted that the
judgment was final.  Even the request in
the alternative for the trial court to render a final judgment did not ask for
any substantive change.  The request was
predicated on the statement “in accordance with the case law cited above.”  All the case law cited in the motion was
relevant to their argument that a final judgment already existed.

Additionally, the trial court’s April 20 order indicates
that the trial court did not consider the defendants to be asking for anything
other than what they already had.  The order
recited that it was considering the defendants’ motions for summary
judgment.  It made no mention of the
motion for clarification. Nor did it identify any further or different relief
sought by the defendants.  Instead, the
order purported to grant what had already been granted: summary judgment on all
claims brought against the defendants.

The defendants’ only complaint was how the judgment was
noted in the court’s docketing system.  Even
assuming this was something within the trial court’s—as opposed to the district
clerk’s—power to correct, we find no authority in the Texas Rules of Civil
Procedure or the Texas Rules of Appellate Procedure to suggest that a motion to
correct an error in the court’s docketing system has any effect on the court’s
plenary power or the parties’ appellate deadlines.

The order disposing of all remaining issues and parties
was signed by the trial court on March 15, 2010 and, accordingly, was a final
judgment.  The defendant’s motion for
clarification, filed on March 24, had no effect on the trial court’s plenary
power or the parties’ appellate deadlines. 
Accordingly, the trial court’s plenary power expired on April 14.  Tex.
R. Civ. P. 329b(d).  The trial
court’s signing of another final judgment on April 20 was void.  Tex.
R. Civ. P. 329b(f).  Similarly,
the Pennys’ motion for new trial, filed on May 10, 2010—more than 30 days after
the signing of the final judgment on March 15—had no effect.  Tex.
R. Civ. P. 329b(a).  The notice of
appeal, filed on July 20, was also outside the applicable time period.  Tex.
R. App. P. 26.1.  Because the
notice of appeal was filed outside of the applicable time period, we lack
jurisdiction to consider this appeal.  See Tex. R. App. P. 25.1(b); Garza, 227 S.W.3d at 233.

                                                                                                                                                                   
Conclusion

We dismiss the appeal for lack of jurisdiction.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Chief Justice Radack and Justices Keyes and Higley.