William Ross **TETER**, Appellant

v.

**COMMISSION FOR LAWYER DISCIPLINE**, Appellee.

**No. 05–07–00867–CV.**

Court of Appeals of Texas, Dallas.

Aug. 4, 2008.

Rehearing Overruled Sept. 19, 2008.

---

Ross Teter, Dallas, for Appellant.

Susan Morgan Farris, Dallas, Cynthia W. Hamilton, Assistant Disciplinary Counsel, Austin, for Appellee.

Before Chief Justice THOMAS and Justices RICHTER and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is an appeal from a judgment of suspension in an attorney discipline action brought in district court. In fifty-nine issues, appellant William Ross Teter asserts that the evidence is legally insufficient to support summary judgment that he engaged in professional misconduct and that his conduct was constitutionally protected free speech. We affirm the trial court's judgment and publish this opinion as directed by Texas Rule of Disciplinary Procedure 6.06. *See* TEX.R. DISCIPLINARY P. 6.06, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A–1 (Vernon 2005).

### BACKGROUND

This matter arose out of two grievance complaints filed against Teter by two different people. The first grievance was filed by Dallas County Clerk Cynthia Figueroa Calhoun alleging that Teter filed false documents in the criminal courts on behalf of people he did not represent relating to the return of cash bonds. The second grievance was filed by Cynthia Kay Burleson, Teter's former client, alleging that after she filed a grievance against Teter, he revealed confidential information that he learned about her during the representation to her employer.

The Commission filed a lawsuit against Teter in Dallas County district court, alleging Teter violated Texas Disciplinary Rules of Professional Conduct 3.03(a)(1), 3.04(b), 3.04(d), 7.02(a)(1), 7.04(b)(3), 7.04(c), 7.04(h), 7.05(a)(1), 7.05(a)(2), 7.05(a)(3), 7.05(b)(2), 7.05(b)(3), 7.05(b)(6), 7.05(b)(7), 7.05(c), 7.07(a)(1), 7.07(b)(1), and 8.04(a)(8) relating to the Calhoun complaint; and rules 1.05(b)(1)(ii), 4.04(a), 4.04(b)(2) relating to the Burleson complaint. *See* TEX. DISCIPLINARY RS. PROF'L CONDUCT 1.05(b)(1)(ii); 3.03(a)(1); 3.04(b), (d); 4.04(a)-(b); 7.02(a)(1); 7.04(b)(3), (c), (h); 7.05(a)(1)-(3), (b)(2)-(3), (6), (7), (c); 7.07(a)(1), (b)(1); 8.04(a)(8), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005 & Supp. 2008) (TEX. STATE BAR R. art. X, § 9).

The Commission moved for partial summary judgment on the issue of misconduct, and Teter did not file a response. The trial court granted the motion without stating its basis. Teter filed a motion to set aside the partial summary judgment, arguing that the evidence was legally insufficient to support summary judgment and that his conduct was constitutionally protected free speech. The trial court denied the motion to set aside. The only remaining issue was the appropriate sanction for the misconduct. Teter agreed to a thirty-six month suspension of his license to practice law in the State of Texas, with that suspension probated under certain terms and conditions. The trial court rendered final judgment in accordance with the parties' agreement.

### STANDARD OF REVIEW

To prevail on a summary judgment motion brought under Texas Rule of Civil Procedure 166a(c), a movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice,* 148 S.W.3d 374, 381 (Tex.2004). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact in order to defeat summary judgment. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995). Is-

sues not expressly presented to the trial court by written motion, answer or other response to the motion shall not be considered on appeal as grounds for reversal. TEX.R. CIV. P. 166a(c); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). If the nonmovant does not file a response to the motion for summary judgment, on appeal he may attack only the legal sufficiency of the evidence to support summary judgment. *McConnell*, 858 S.W.2d at 343; *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

We review the grant of summary judgment de novo. We examine the entire record in the light most favorable to the nonmovant, indulge every reasonable inference, and resolve any doubts against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam). We affirm if the evidence submitted in support of the motion and any response shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c).

### LEGAL SUFFICIENCY OF EVIDENCE TO SUPPORT SUMMARY JUDGMENT

■ In issues one through twenty-one, Teter argues that the evidence is legally insufficient to support summary judgment that he violated the stated disciplinary rules. In his brief, he discusses

the standard of review, lists the evidence offered by the Commission, and sets out the language of each rule. But he does not provide any substantive analysis, citation to the record or authority, or otherwise explain how the evidence is insufficient to support the judgment.[1] *See* TEX. R.APP. P. 38.1(h). The law is clear that bare assertions of error, without argument or authority, waive error. *See In re N.E.B.*, 251 S.W.3d 211, 212 (Tex.App.-Dallas 2008, no pet.); *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied). When a party fails to adequately brief a complaint, he waives that issue on appeal. *Meachum v. Comm'n for Lawyer Discipline*, 36 S.W.3d 612, 616 (Tex.App.-Dallas 2000, pet. denied); *Smith v. Comm'n for Lawyer Discipline*, 42 S.W.3d 362, 364 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Because Teter has failed to provide us with argument, analysis, or authorities that make his appellate complaints viable, he has waived our review of those complaints. *In re N.E.B.*, 251 S.W.3d at 212; *Smith*, 42 S.W.3d at 364.

■ Regardless, the record before us does not support Teter's contentions. And we must affirm the trial court's judgment if any one of the several grounds raised by the Commission is meritorious. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex.2003).

---

1. For example, under issue one, Teter's brief states:

   **Rule 3.03(a)(1)**
   Rule 3.03 CANDOR TOWARD THE TRIBUNAL.
   (a) A lawyer shall not knowingly:
   (1) make a false statement of material fact or law to the tribunal.
   The evidence is insufficient to support a judgment that Appellant made a false statement of material fact or law to a tribunal or otherwise violated of [sic] Rule 3.03(a)(1). See [CR 32–70].

   Each of Teter's arguments under issues one through twenty-one, with three exceptions, follows this pattern. Under the three issues addressing the sufficiency of the evidence to support summary judgment under rules 7.04(b)(3), 7.04(c), and 8.04(a)(8), Teter presents a one-paragraph argument about why his conduct did not violate these rules, but he does not support that argument with citation to authority and only generally cites to the record.

█ The uncontroverted summary judgment evidence shows that in a separate lawsuit arising out of Teter's efforts to seek return of cash bonds filed in Dallas County, the trial court found that Teter filed applications for the refund of those bonds without the right or authority to do so. It signed a final judgment and permanent injunction against Teter, finding that he had filed false and fraudulent documents with courts purporting to represent parties he did not represent. This evidence is sufficient to support summary judgment that Teter violated disciplinary rule 3.03(a)(1), which prohibits a lawyer from knowingly making a false statement of material fact or law to a tribunal. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.03(a)(1); *see generally Cohn v. Comm'n for Lawyer Discipline,* 979 S.W.2d 694 (Tex.App.-Houston [14th Dist.] 1998, no pet.). Other uncontroverted summary judgment evidence showed that Teter revealed confidential information about his former client, Burleson, to her employer. This evidence is sufficient to support summary judgment that Teter violated disciplinary rule 1.05(b)(1)(ii). *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(b)(1)(ii); *Duncan v. Bd. of Disciplinary Appeals,* 898 S.W.2d 759, 761 (Tex.1995). Additionally, uncontroverted summary judgment evidence showed that the Commission notified Teter of Calhoun's complaint on August 6, 2004 and directed him to respond in writing within thirty days of his receipt of the letter; he received the letter on August 12, 2004; he did not respond until October 2, 2004; and he did not assert privilege or other legal ground for the late response. This evidence is sufficient to support summary judgment that Teter violated disciplinary rules 8.01(b) and 8.04(a)(8). *See* TEX. DISCIPLINARY RS. PROF'L CONDUCT 8.01(b), 8.04(a)(8); *Rangel v. State Bar of Tex.,* 898 S.W.2d 1, 3 (Tex.App.-San Antonio 1995, no writ).

We resolve issues one through twenty-one against appellant.

█ In issues twenty-two through fifty-nine, Teter argues that the disciplinary rules violate his constitutionally protected free speech rights. As we previously noted, when a nonmovant does not file a response to a motion for summary judgment, the nonmovant is limited to arguing on appeal that the evidence is legally insufficient to support summary judgment. *See McConnell,* 858 S.W.2d at 343; *Clear Creek Basin Auth.,* 589 S.W.2d at 678. Because Teter did not file a response, he may not now raise these constitutional claims as grounds for reversal of the summary judgment. *See Clear Creek Basin Auth.,* 589 S.W.2d at 678.

We resolve issues twenty-two through fifty-nine against appellant.

We affirm the trial court's judgment.