**AFFIRM; and Opinion Filed November 25, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01382-CV

### STEVEN E. BROWN, Appellant
### V.
### BANK OF AMERICA, N.A., Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02170**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

Appellee Bank of America, N.A. sued appellant Steven E. Brown, seeking a judgment authorizing a non-judicial foreclosure of a home-equity lien on Brown's house. The Bank sought and obtained summary judgment. Brown appeals. We affirm.

### I. BACKGROUND

In its live pleading, the Bank alleged the following facts. In February 2008, Brown took out a home equity loan secured by his house in Coppell, Texas. The Bank was entitled to enforce the note and security instrument executed by Brown. At the time the Bank filed suit, Brown was in default and had missed at least twenty-five payments. The Bank sent Brown notice of default, and he failed to cure. As relief, the Bank sought a declaratory judgment

authorizing a non-judicial foreclosure sale of the property. The Bank did not seek to impose personal liability on Brown.

Brown answered the lawsuit pro se. The Bank then filed a motion for summary judgment. The summary-judgment motion was set for hearing on September 10, 2012, and the record indicates that notice of that hearing was sent to Brown by regular and certified mail on August 7, 2012. On September 4, 2012, Brown filed a motion for continuance. Brown did not file a response to the motion for summary judgment. The trial judge heard the motion for summary judgment on September 10, 2012, and signed a final summary judgment in the Bank's favor on that same day.

Brown timely filed his notice of appeal and has prosecuted this appeal pro se.

## II. ANALYSIS

### A. Standard of review

We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.). When we review a summary judgment in favor of a plaintiff, we determine whether the plaintiff established every element of its claim as a matter of law. *Ohio Cas. Ins. Co. v. Time Warner Entm't Co.*, 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied).

### B. Issues on appeal

Brown's arguments fall into three general categories. First, he attacks the summary judgment on the merits, primarily by attacking the admissibility or competency of the Bank's summary-judgment evidence. Second, he argues that the trial judge erred by denying Brown a continuance of the summary-judgment hearing. Third, he complains that clerk's record on appeal was filed late.

We note that Brown appears to make some new arguments in his reply brief. This is not permitted, and we will not consider those new arguments. *See Sanchez v. Martin*, 378 S.W.3d 581, 590 (Tex. App.—Dallas 2012, no pet.).

Brown's failure to file a response to the Bank's summary-judgment motion limits the scope of the arguments Brown can make on the merits of the summary-judgment ruling. Specifically, he is limited to "an attack on the legal sufficiency of the grounds expressly raised by the movant" in the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). No other grounds for reversal may be raised. *Id.*; *see also Teter v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 799 (Tex. App.—Dallas 2008, no pet.) ("If the nonmovant does not file a response to the motion for summary judgment, on appeal he may attack only the legal sufficiency of the evidence to support summary judgment.").

### 1. Attacks on the Bank's summary-judgment evidence

Within his first issue, Brown attacks the admissibility of some of the Bank's summary-judgment evidence. He did not object to any of the Bank's evidence in the trial court. Accordingly, any objections to the form of the Bank's affidavit and attachments have been waived. *See* TEX. R. CIV. P. 166a(f); *DMC Valley Ranch, L.L.C. v. HPSC, Inc.*, 315 S.W.3d 898, 905 (Tex. App.—Dallas 2010, no pet.).

The Bank attached six documents to its motion for summary judgment: (1) an affidavit by Bank of America assistant vice president Stephanie Buchanan, (2) a 1987 deed conveying the property to Brown, (3) a 2008 home equity security instrument executed by Brown, (4) a 2008 home equity note executed by Brown, (5) an assignment of the note and deed of trust to the Bank, and (6) a 2010 letter from the Bank to Brown notifying him that his loan was in default. Brown attacks the Bank's evidence in several respects. Brown argues that affiant Buchanan lacked personal knowledge of the matters she testified to, that the assignment was not

sufficiently authenticated, that the note and the original "title" were not authenticated, and that two "filed and recorded" stamps appearing in the summary-judgment evidence were not authenticated.

We address Brown's attack on the Buchanan affidavit first. He argues that the affidavit does not demonstrate Buchanan's personal knowledge of the matters she testified to. In support, he cites one case from a bankruptcy court in New Jersey, one case from a Florida intermediate appellate court, and a "consent order" allegedly involving the Bank in some unspecified jurisdiction. Because Brown cites no applicable Texas authority, we conclude that he has inadequately briefed his challenge to the Buchanan affidavit. *See Navarrete v. Williams*, 342 S.W.3d 116, 122 (Tex. App.—El Paso 2011, no pet.) (noting that argument must be supported with "citation to *appropriate* authorities") (emphasis added); *see also Dablemont v. Dallas Cnty. Hosp. Dist.*, No. 05-00-01659-CV, 2001 WL 1289677, at *1 (Tex. App.—Dallas Oct. 25, 2001, pet. denied) (mem. op., not designated for publication) ("Failure to cite *appropriate* authorities and provide substantive analysis presents nothing for review.") (emphasis added).

Brown asserts that the assignment of the loan to the Bank was not authenticated, but he does not support that assertion with citation to any relevant authorities. Instead he quotes extensively from a 2012 book entitled *Clouded Titles*, by Dave Krieger. The book itself is not part of the appellate record, and in any event the passages Brown quotes do not address the adequacy of the Bank's authentication of the document whereby the loan was purportedly assigned to the Bank. Accordingly, nothing is presented for our review. *See In re B.A.B.*, 124 S.W.3d 417, 420 (Tex. App.—Dallas 2004, no pet.) ("The failure to adequately brief an issue, either by failing to specifically argue and analyze one's position or provide authorities and record citations, waives any error on appeal."). Moreover, Buchanan attempted to authenticate the assignment document in her affidavit, and Brown did not object in the trial court to the adequacy

–4–

of the authentication. Accordingly, Brown also failed to preserve his objection in the trial court. *See Arnold v. Life Partners, Inc.*, No. 05-12-00092-CV, 2013 WL 4553379, at *12 (Tex. App.— Dallas Aug. 28, 2013, no pet. h.) (stating that a complete failure to authenticate a document is a defect of substance, but a defective attempted authentication is a defect of form). We reject Brown's complaint about the authentication of the assignment.

We also reject Brown's assertion that the original "title and mortgage note" were not authenticated. Although Brown asserts that the Bank submitted no evidence that the "title and mortgage note" were authentic, Buchanan authenticated all the documents attached to her affidavit. If the authentication was defective in any way, that defect was a defect of form that Brown waived by failing to object in the trial court. *See id.* The same analysis applies to Brown's assertion that the "filed and recorded" stamps that appear on some of the Bank's documents were not authenticated. We reject that assertion as well.

Within his authentication argument, Brown also asserts that the Bank was required to produce the original note and the original security instrument instead of copies in order to foreclose. As legal authority in support, he cites only four cases from Florida. He cites no Texas authority to support his argument. We have found two Texas cases stating that production of original documents is not required. *See, e.g.*, *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.); *Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *3 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.). Brown does not address these cases, or Texas law at all. We reject his argument as inadequately briefed. *See In re B.A.B.*, 124 S.W.3d at 420; *see also Navarrete*, 342 S.W.3d at 122 (noting that argument must be supported with "citation to *appropriate* authorities") (emphasis added).

–5–

Finally, Brown argues that the 1987 warranty deed filed by the Bank was "irrelevant and inadmissible" because it was "not part of the original 121 page Countrywide Bank promissory note." He does not otherwise explain why the deed was not relevant. He did not object to the deed in the trial court, nor does he explain how he could have been harmed by the trial court's consideration of the deed on summary judgment. We reject his argument for lack of preservation and for failure to demonstrate harm. *See* TEX. R. APP. P. 33.1, 44.1(a); *see also Lott v. Lott*, 370 S.W.2d 463, 465 (Tex. 1963) (holding that presence of immaterial documents in summary-judgment evidence was not reversible error).

### 2.     Attacks on the merits of the summary judgment

Brown attacks the Bank's ownership of the note and deed of trust involved in this case. Accordingly, we outline the Bank's evidence of ownership.

The Bank sought to establish its ownership by the following evidence and chain of events. The Bank filed a 1987 warranty deed in which Wendy Jean Sims deeded the property to Brown. Brown took out the home equity loan in question in February 2008. The home equity security instrument, which is part of the Bank's summary-judgment evidence, identifies Countrywide Bank, FSB as the lender. The instrument also identifies Mortgage Electronic Registration Systems, Inc. (MERS) both as "a nominee for Lender and Lender's successors and assigns" and as "the beneficiary under this Security Instrument." The Bank contends that MERS assigned the note and deed of trust to "BAC Home Loans Servicing, LP," formerly known as "Countrywide Home Loans Servicing LP," in May 2010. The assignment is also part of the Bank's summary-judgment evidence. The last link in the chain is supplied by the Buchanan affidavit, in which Buchanan testifies that "Bank of America, N.A. is Successor by Merger to BAC Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing, LP."

Brown asserts that the Bank "never legally merged with Countrywide Bank," but he cites no record evidence to support this assertion. He presents no argument or authority to show that the Buchanan affidavit is insufficient to establish the merger. Accordingly, we reject Brown's assertion for inadequate briefing. *See In re B.A.B.*, 124 S.W.3d at 420.

Brown also asserts that MERS did not own the note and deed of trust, and that MERS accordingly could not assign those rights to BAC Home Loans Servicing, LP. But this assertion is also inadequately briefed. Brown's argument in support consists of long quotations from the above-mentioned book *Clouded Titles* and unsupported assertions that MERS has fared poorly in litigation in other jurisdictions. Brown does not present a cogent argument, supported with authorities, demonstrating that the Bank's evidence in this case is insufficient under Texas law.[1] Accordingly, we reject Brown's assertion that the Bank failed to prove MERS's right to assign the note and deed of trust in this case. *See In re B.A.B.*, 124 S.W.3d at 420.

Brown argues that he never received a notice of default and that this should have prevented summary judgment. But Brown adduced no evidence to prove that he never received notice of default, and in any event he waived the argument by failing to raise it in a summary-judgment response. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Brown also asserts that the Bank adduced no evidence that it sent notice of default to him by certified mail. In support, he cites a single Florida case for the proposition that proper notice of default is a prerequisite for foreclosure. Brown cites no authority to show that Texas law required the Bank to send the notice of default by certified mail. His bald assertion is insufficient to present anything for our review. *See In re B.A.B.*, 124 S.W.3d at 420.

---

[1] We note that in *Bierwirth* the Austin Court of Appeals accepted evidence of assignment very similar to the Bank's evidence in this case. *See* 2012 WL 3793190, at *3–4.

Brown argues that section 51.903 of the Texas Government Code protects him from foreclosure. He also argues that the Bank has violated various federal statutes regulating debt collection. He waived these arguments by failing to present them in a summary-judgment response in the trial court. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. He then argues that the Bank has admitted "illegally foreclosing on millions of homeowners," citing a newspaper article that is attached to his brief but is not in the appellate record. We cannot consider the article because it is not in the appellate record. *See In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.). In any event, Brown's assertion about other cases involving the Bank does not demonstrate reversible error in his case. *See Intec Sys., Inc. v. Lowrey*, 230 S.W.3d 913, 920 (Tex. App.—Dallas 2007, no pet.) ("The appellant bears the burden to show a judgment is erroneous to obtain a reversal.").

### 3. Continuance

Brown argues that the trial judge erred by denying Brown's motion for continuance of the summary-judgment hearing. Our standard of review is abuse of discretion. *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied). We reject Brown's argument for several reasons.

First, Brown does not mention or address the summary-judgment hearing in the motion for continuance. Rather, he mentions only the trial date, reciting, "This case is presently set for trial on Tuesday, September 25, 2012." Accordingly, the motion does not preserve any complaint about the timing of the summary-judgment hearing. *See* TEX. R. APP. P. 33.1(a)(1).

Additionally, the appellate record contains no order disposing of the motion for continuance, nor is there anything in the appellate record showing that Brown brought his motion to the trial judge's attention. In the absence of a ruling on his motion for continuance or an

objection to the judge's failure to rule, Brown failed to preserve error. *See* TEX. R. APP. P. 33.1(a)(2).

Moreover, Brown did not furnish us with a reporter's record. Thus, we cannot review any evidence that might have been presented at the hearing related to Brown's continuance motion. We must presume that the evidence supported the trial judge's denial of Brown's motion for continuance. *See Green v. Kaposta*, 152 S.W.3d 839, 842 (Tex. App.—Dallas 2005, no pet.).

Brown's appellate brief includes a detailed recitation of his oral argument in support of his motion for continuance, and he urges us to consider that recitation in lieu of a reporter's record. But even if we were to accept that recitation as true pursuant to Texas Rule of Appellate Procedure 38.1(g), we would still conclude that Brown has not shown an abuse of discretion. Brown asserts that he orally argued his motion for continuance at the hearing and that the trial judge implicitly denied the continuance by granting summary judgment for the Bank. According to Brown's account, his support for the requested continuance was the fact that he had obtained a copy of the *Clouded Titles* book on September 6, 2012, which was four days before the summary-judgment hearing. He argued to the trial judge that the information in the book would enable him to defeat the Bank's motion for summary judgment. But the book is not in the appellate record, nor does Brown aver that he filed a copy of the book or the relevant portions in the trial court. Brown's factual recitation of the events of the hearing does not show that he demonstrated, with evidence, the materiality of the book to his summary-judgment response. Because Brown failed to submit evidence demonstrating the materiality of the purportedly previously unavailable summary-judgment evidence, the trial judge did not abuse his discretion by denying Brown's motion for continuance. *See Nautical Landings Marina, Inc. v. First Nat'l Bank in Port Lavaca*, 791 S.W.2d 293, 297 (Tex. App.—Corpus Christi 1990, writ denied).

For all these reasons, we reject Brown's arguments based on his motion for continuance.

**4.      Late filing of the appellate record**

Finally, Brown argues that the clerk's record in this appeal was filed late.  The clerk's record was due to be filed in this Court on November 9, 2012, but it was not actually filed until December 3, 2012.  Brown does not explain how he was prejudiced, if at all, by the filing delay.  Nor is it clear what relief he believes the delay entitles him to.  He asserts only that the district clerk should be "held accountable" for the rule violation.  He cites no authority that he is entitled to reversal of the judgment or any other relief on account of the late filing.  We conclude both that the argument is inadequately briefed and that Brown has not shown reversible error in connection with this argument.

### III.   CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

121382F.P05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVEN E. BROWN, Appellant

No. 05-12-01382-CV     V.

BANK OF AMERICA, N.A., Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02170.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Bank of America, N.A. recover its costs of this appeal
from appellant Steven E. Brown.


Judgment entered this 25th day of November, 2013.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE