

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00089-CV
_____


MARTIN MATA, AND WIFE ENNA FERNANDEZ MATA
INDIVIDUALLY AND FABRIZIO MATA, Appellants

V.

ARGOS USA LLC, Appellees


On Appeal from the 61st District Court
Harris County, Texas
Trial Court No. 2018-62967-D


Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

On the afternoon of April 3, 2018, another driver lost control of his vehicle and struck the passenger side of Martin Mata's vehicle, forcing him into a lane of traffic occupied by a tractor-trailer owned by Efrain Lozano d/b/a Lozano Trucking (Lozano) and driven by Luis Hernandez. Martin's vehicle struck the right quarter panel of Lozano's trailer, became lodged underneath the trailer, and was dragged until Hernandez could stop the vehicle. As a result, Martin and his family (collectively the Matas) sued, among others, Lozano, Hernandez, Spiritual Logistics LLC (Logistics), River Aggregates LLC (Aggregates), and Argos USA LLC (Argos USA) for the injuries they allegedly suffered as a result of the accident.[1] The Matas appeal the summary judgment in favor of, and the dismissal of all of their claims against, Argos USA. For the reasons stated, we affirm the trial court's summary judgment and dismissal of all the Matas' claims against Argos USA.

## I. Background

In their live petition, the Matas alleged that Lozano and Hernandez negligently caused the Matas' injuries because they failed to equip their trailer with side underride guards, were speeding, failed to timely apply the brakes, failed to properly maintain the brakes on their vehicles, and failed to take a thirty-minute break in eight hours. They alleged (1) that Argos USA was vicariously liable for the negligent acts and omissions of Lozano and Hernandez under the Federal Motor Carrier Safety Regulations (FMCSR) and the Texas Transportation Code,

---

[1]Originally appealed to the Fourteenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Fourteenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

(2) that it was liable for the negligent hiring of Lozano and Hernandez both at common law and under the FMCSR and the Texas Transportation Code because Logistics was its agent, (3) that it had assumed a duty to ensure the safety of Lozano's tractor/trailer by its internal safety policies, (4) that it was negligent per se because it violated the FMCSR and the Texas Transportation Code, and (5) that its actions also constituted gross negligence.

Argos USA filed a traditional motion for summary judgment as to the Matas' negligence claims against it, and both a traditional and no-evidence motion for summary judgment as to their claim for gross negligence. In its motion, Argos USA asserted that it owed no duty to the Matas under the FMCSR because (1) the tractor/trailer was not involved in interstate commerce and (2) Argos was a shipper of the property being transported, not a transporter of the property. It also asserted that it was not a motor carrier under the Texas Transportation Code because it did not control, operate, or direct the operation of Lozano's tractor/trailer or its driver. As to the Matas' common-law negligence claims, Argos USA asserted that it did not owe the Matas a duty because (1) neither Logistics nor Lozano was its agent, (2) it did not control or have the right to control the means and details of how the work was performed by Logistics or Lozano, (3) it was not an employer of Lozano or Hernandez, and (4) it did not have a statutory or regulatory duty to maintain or monitor Lozano's tractor/trailer. Regarding the Matas' claim for gross negligence, Argos USA asserted that (1) it had no duty to the Matas, (2) since it was not negligent, gross negligence was precluded, and (3) there was no evidence that its acts or omissions involved an extreme risk or that it was subjectively aware of an extreme risk. Argos USA also moved to

3

sever the Matas' claims against it from the remainder of the case after the trial court granted its summary judgment motion.

In their response to the motion for summary judgment, the Matas argued that (1) Argos USA did not show, as a matter of law, that it was entitled to summary judgment on the Matas' common-law negligent hiring claim; (2) Argos USA had a duty to hire competent independent contractors; (3) Argos USA breached that duty by failing to investigate Logistics and Lozano; (4) Argos USA had a duty to investigate safety practices of Logistics; (5) Argos USA failed to follow its own safety policies; and (6) failure to follow its own policies was some evidence of gross negligence. The Matas also argued that Argos USA was vicariously liable for Logistics's and Lozano's negligence since they were Argos USA's agents by virtue of it having its own Department of Transportation (DOT) number and choosing to confer its authority onto Logistics, using Logistics to arrange for trucks on a daily basis for eight years, and requiring that deliveries arrive at Argos USA's facility at a certain time.

After Argos USA filed a reply to the Matas' response and objected to some of the evidence that the Matas filed in support of their response, and after the Matas filed sur-replies and additional evidence, the trial court granted Argos USA's summary judgment motion, dismissed all the Matas' claims against Argos USA, and severed the Matas' claims against Argos USA from the original lawsuit.

## II.     Standard of Review

"Our review of a summary judgment is de novo." *Reg'l Specialty Clinic, P.A. v. S.A. Randle & Assocs., P.C.*, 625 S.W.3d 895, 900 (Tex. App.—Houston [14th Dist.] 2021, no pet.)

4

(citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "Because the trial court's summary judgment does not specify the ground or grounds on which it was granted, we uphold the court's judgment if properly supported by any ground asserted in the motion." *Id.* (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (citing *Dorsett*, 164 S.W.3d at 661).

"To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009)). "A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim." *Id.* (citing *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010)). "Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact." *Id.* at 900–01 (citing *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)). "Evidence is conclusive only if reasonable people could not differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005)).

### III.     Argos USA Produced Sufficient Evidence to Entitle It to Summary Judgment

In their first and second issues, the Matas complain that the trial court erred in granting summary judgment on the issue of duty based on the applicability of federal and state statutes

5

and regulations and on the Matas' common-law agency and negligent hiring causes of action because Argos USA purportedly relied on a no-evidence standard, rather than the traditional summary judgment standard. Although the Matas brief these issues together, we will address them separately.

### A. Argos USA's Liability Under the Federal Regulations

In support of its motion for summary judgment, Argos USA produced evidence that showed that, when it had a load of sand or aggregate it needed delivered to its plant, it would contact Logistics and give it the quantity it needed and would instruct it where the loads were to be delivered. Although Argos USA opened at 6:00 a.m. and had a time after which it would not receive loads, it did not direct Logistics what time to deliver the loads. Logistics acted as a broker and contacted available trucking companies to obtain and deliver the loads, but Argos USA never gave it qualifications for the trucks or directed its operational activity. Argos USA also did not provide Logistics with any direction or requirements as to finding drivers. When Argos USA hired Logistics to deliver sand from Aggregates, it never specified the equipment to use or which trucking company to use. In addition, on the day of the accident, Lozano was operating under his own DOT number.

Argos USA also produced evidence that Lozano never received any instruction from Argos USA and that Logistics, not Argos USA, told it where to pick up the load. Other than instructing Lozano where to unload at its plant, Argos USA did not tell Logistics how to do its job or give it any instruction regarding the maintenance of its vehicles. When Logistics contacted Lozano to deliver loads for Argos USA, it told Lozano the day to deliver the loads, but

6

did not tell it the time of day to deliver them. It was Lozano's option on how many loads it would accept to deliver in a day. Argos USA's evidence also showed that it did not have a written contract with Logistics and that it never had a contract with Lozano. Lozano's representative also testified that it did not know if it would have put side underride guards on its trailer if Argos USA had requested it do so, since Argos USA had no control over its vehicles.

In addition, Argos produced evidence that it hired Logistics as a broker to engage trucking companies to haul sand and aggregate it had purchased from Aggregates in Conroe, Texas, to its plant in Tomball, Texas. It also produced undisputed evidence that, on the date of the accident, Logistics hired Lozano to haul the sand from Aggregates to Argos USA's plant in Tomball.

"Generally, an employer has no duty to ensure that an independent contractor performs its work in a safe manner." *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 791 (Tex. 2006) (citing *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 783 (Tex. 2001)). However, "if the work itself involves a nondelegable duty, whether inherently dangerous or statutorily prescribed," the employer is "generally held liable for an independent contractor's tortious acts." *Id.* at 795.

The FMCSR creates a nondelegable duty for "motor carriers authorized to operate by the Federal Motor Carrier Safety Administration." *Rodriguez v. Panther Expedited Servs., Inc.*, No. 04-17-00291-CV, 2018 WL 3622066, at *6 (Tex. App.—San Antonio July 31, 2018, pet. denied) (mem. op.) (citing *Morris v. JTM Material, Inc.*, 78 S.W.3d 28, 38 (Tex. App.—Fort Worth 2002, no pet.); 49 C.F.R. § 376.1). "[B]ecause under the FMCSR interstate motor carriers have a legal right and duty to control leased vehicles that are operated for their benefit, the

regulations create a statutory employee relationship between the employees of the owner-lessors and the lessee-carriers." *Id.* (citing *Motloch v. Albuquerque Tortilla Co., Inc.*, 454 S.W.3d 30, 38–39 (Tex. App.—Eastland 2014, no pet.)). As a result, "an interstate motor carrier is vicariously liable as a matter of law under the FMCSR for the negligence of its statutory employee drivers." *Id.* (citing *Motloch*, 454 S.W.3d at 39).

Nevertheless, "the Texas Supreme Court has held that when analyzing whether a defendant is a motor carrier, a court must focus on the specific transaction at issue, not merely whether a defendant is certified as a motor carrier." *Id.* (citing *Gonzalez v. Ramirez*, 463 S.W.3d 499, 506 (Tex. 2015) (per curiam) (citing *Camp v. TNT Logistics Corp.*, 553 F.3d 502, 507 (7th Cir. 2009); *Harris v. Velichkov*, 860 F.Supp.2d 970, 979 (D. Neb. 2012), *aff'd*, *Harris v. FedEx Nat'l LTL*, 760 F.3d 780 (8th Cir. 2014))). This means that "possession of a motor carrier license is not determinative of the applicability of the regulations; rather, the critical inquiry is what capacity the defendant was acting during the transaction or incident." *Id.* (citing *Camp*, 553 F.3d at 507). "Federal courts have specifically held that shippers who engage independent contractors to transport goods are not subject to the FMCSR." *Id.* (citing *Harris*, 860 F.Supp.2d at 979; *Caballero v. Archer*, Civil Action No. SA-04-CA-561-OG, 2007 WL 628755, at *4 (W.D. Tex. Feb. 1, 2007) (order)).

In its traditional motion for summary judgment, Argos USA asserted that the FMCSR was not applicable on two bases: (1) the transportation of the goods did not involve interstate commerce and (2) in this transaction, Argos USA was a shipper, not a motor carrier. On appeal, the Matas contend that the trial court erred in granting summary judgment on their claims based

8

on Argos USA's alleged duties under the FMCSR because Argos USA relied on the Texas Supreme Court's holding in *Gonzalez v. Ramirez* that the FMCSR applies "only to transportation in interstate commerce," 463 S.W.3d 499, 502 (Tex. 2015) (per curiam), and that Argos USA argued that there was no evidence that Lozano was hired to transport property across state lines. The Matas argue that, because in *Gonzalez*, the court was addressing a no-evidence summary judgement, and Argos USA only argued no evidence for this basis, the trial court erred in granting summary judgment on this claim.

In their brief on appeal, the Matas do not challenge the other basis for summary judgment on the claims based on the inapplicability of the FMCSR to Argos USA, i.e., that, in this incident, it was a shipper, not a transporter. "When, as in the present case, a movant asserts multiple grounds for summary judgment, and the trial court does not specify in the order the ground on which summary judgment was granted, the appellant must negate all grounds on appeal." *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1998, no pet.)). "If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment." *Id.* (citing *Lewis*, 979 S.W.2d at 833; *Fields v. City of Tex. City*, 864 S.W.2d 66, 68 (Tex. App.—Houston [14th Dist.] 1993, writ denied)). Because the trial court could have based its summary judgment on the

9

undisputed evidence that showed that, at the time of the accident, Argos USA was the shipper,[2] not a motor carrier under the FMCSR, which was not challenged on appeal, we must affirm the summary judgment on the Matas' claims based on any duty arising under the FMCSR.

To the extent that the Matas' brief can be construed as a challenge to the legal sufficiency of the evidence supporting the trial court's summary judgment on these claims, the Matas do not mention the evidence produced by Argos USA or analyze how the evidence was insufficient, do not cite any authority that would support an argument that the evidence was insufficient, and do not offer any citations to the record that would support a complaint that the evidence produced by Argos USA was insufficient. However, our appellate rules require that "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). As a result, we conclude that any complaint that the evidence is legally insufficient is inadequately briefed and waived. *See Rahman v. Foster*, No. 05-16-01042-CV, 2018 WL 1373890, at \*2 (Tex. App.—Dallas Mar. 19, 2018, no pet.) (mem. op.); *Brown v. Bank of Am., N.A.*, No. 01-14-00725-CV, 2015 WL 4760201, at \*5–6 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.); *Teter v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 799 (Tex. App.—Dallas 2008, no pet.); *Smith*

---

[2]In its summary judgment motion addressing this ground, Argos USA did not make a no-evidence argument, but, rather, it argued that the evidence showed that it was a shipper. In their response to the motion for summary judgment, the Matas did not address this issue.

*v. Comm'n for Lawyer Discipline*, 42 S.W.3d 362, 363–64 (Tex. App.—Houston [14th Dist.] 2001, no pet.).[3]

## B.      Argos USA's Liability Under the Texas Transportation Code

In *Gonzalez*, the Texas Supreme Court also considered whether a shipper can be liable as a motor carrier under the Texas Transportation Code and its accompanying regulations.  The court noted that "Texas has adopted many—but not all—parts of the Federal Regulations, as well as their federal interpretations."  *Gonzalez*, 463 S.W.3d at 503 (citing 37 TEX. ADMIN. CODE § 4.11(a), (b)(3)).[4]  "The Texas Regulations apply to 'commercial motor vehicles' and hold 'motor carriers' responsible for their 'employees.'"  *Id.* (citing 37 TEX. ADMIN. CODE § 4.11(a); 49 C.F.R. §§ 387.1, 390.3(a), 390.11, 391.1, 396.1).  "Texas law defines 'motor carrier' in pertinent part as 'an individual . . . or other legal entity that controls, operates, or directs the operation of one or more vehicles that transport persons or cargo.'"  *Id.* (quoting TEX. TRANSP. CODE ANN. § 643.001(6); 37 TEX. ADMIN. CODE § 4.11(b)(1)).

"In analyzing whether a defendant is a motor carrier, we focus on the specific transaction at issue."  *Id.* at 504 (citing *Camp*, 553 F.3d at 507; *Velichkov*, 860 F.Supp.2d at 979).  Thus, an individual or legal entity is a "motor carrier" (and therefore responsible for its "employees") if it "'control[led], operate[d], or direct[ed]' the operation of the truck" during the transaction or incident.  *Id.* (quoting TEX. TRANSP. CODE ANN. § 643.001(6)).  At the same time, an entity that

---

[3]Even if the Matas had properly challenged the sufficiency of the evidence and challenged Argos USA's ground that the FMCSR did not apply to it because at the time of the accident it was a shipper, not a motor carrier, we would find that Argos USA produced sufficient evidence to entitle it to summary judgment on that ground.

[4]"Accordingly, we look to federal case law for guidance."  *Gonzalez*, 463 S.W.3d at 503 n.10 (citing *R.R. St. & Co. v. Pilgrim Enters., Inc.*, 166 S.W.3d 232, 241 (Tex. 2005)).

instructs the transporter of goods where to pick up and deliver the goods, and that does not control, operate, or direct the operation of the truck, acts as a shipper, not a motor carrier, and is not liable for the torts of the transporter. *See id.* at 505–06.

In their first issue, the Matas also challenge the trial court's summary judgment on their claims based on liability under the Texas Transportation Code. The Matas assert that the trial court erred because Argos USA relied on *Gonzalez*, a no-evidence summary judgment case, and included a statement in its argument that there was no evidence that it controlled, operated, or directed the operation of Lozano's truck. However, the Matas do not explain how reliance on the law governing the liability of motor carriers and non-liability of shippers under the Texas Transportation Code as set forth in *Gonzalez* is improper in a traditional summary judgment motion, and they cite no authority holding that it is improper. Further, in their brief, the Matas do not mention any of the evidence produced by Argos USA in support of its summary judgment motion, and they ignore Argos USA's argument in its motion that it was not acting as a motor carrier at the time of the accident, but as a shipper, and therefore was not liable under the Texas Transportation Code and its regulations. Finally, Argos USA produced evidence that it did not control, operate, or direct either Logistics or the operation of Lozano's truck and that, at the time of the accident, it was a shipper. The Matas fail to explain how the trial court erred in granting the traditional motion for summary judgment simply because Argos USA also pointed out that there was no evidence to the contrary. The Matas also do not cite any authority supporting an argument that it would be error to grant summary judgment under these circumstances.

12

To the extent that the Matas' brief can be construed as a challenge to the legal sufficiency of the evidence supporting the trial court's summary judgment on these claims, the Matas do not mention the evidence produced by Argos USA or analyze how the evidence was insufficient, do not cite any authority that would support an argument that the evidence was insufficient, and offer no record citations that would support a complaint that the evidence produced by Argos USA was insufficient. As a result, we conclude that any complaint that the evidence is legally insufficient is inadequately briefed and waived.[5] *See* Tex. R. App. P. 38.1(i); *Rahman*, 2018 WL 1373890, at *2; *Brown*, 2015 WL 4760201, at *5–6; *Teter*, 261 S.W.3d at 799; *Smith*, 42 S.W.3d at 363–64.

For the reasons stated, we find that the trial court did not err in granting Argos USA's summary judgment on the Matas' claims based on liability under the FMCSR and the Texas Transportation Code. We, therefore, overrule the Matas' first issue.

### C.      Argos USA's Liability Under the Common Law

As stated earlier, an employer generally "has no duty to ensure that an independent contractor performs its work in a safe manner." *Fifth Club, Inc.*, 196 S.W.3d at 791. Even so, it "can be held vicariously liable for its independent contractor's actions if the owner retains some control over the manner in which the contractor performs the work that causes the damage." *Gonzalez*, 463 S.W.3d at 506 (citing *Fifth Club, Inc.*, 196 S.W.3d at 791). But an employer "'can direct when and where an independent contractor does the work and can request

---

[5]Even if the Matas had properly challenged the sufficiency of the evidence supporting the trial court's summary judgment on its claims based on Argos USA's alleged liability under the Texas Transportation Code, we would find that Argos USA produced sufficient evidence that it did not control, operate, or direct either Logistics or the operation of Lozano's truck; that, at the time of the accident, it was a shipper, not a motor carrier; and that, as a matter of law, it was not liable under the Texas Transportation Code.

information and reports about the work' without assuming vicarious liability." *Id.* (quoting *Fifth Club*, *Inc.*, 196 S.W.3d at 792).

"An agent is one who is authorized by a person or entity to transact business or manage some affair for the person or entity." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Townsend v. Univ. Hosp.-Univ. of Colo.*, 83 S.W.3d 913, 921 (Tex. App.—Texarkana 2002, pet. denied)). "The critical element of an agency relationship is the right to control, and the principal must have control of both the means and details of the process by which the agent is to accomplish his task in order for an agency relationship to exist." *Id.* (citing *Townsend*, 180 S.W.3d at 921). "Absent proof of the right to control the means and details of the work performed, only an independent contractor relationship is established." *Id.* (citing *Happy Indus. Corp. v. Am. Specialties, Inc.*, 983 S.W.2d 844, 852 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.)).[6]

In their second issue, the Matas assert that the trial court erred in granting summary judgment on their common-law claims based on duty, agency, and negligent hiring because Argos USA relied on *Gonzalez*, a no-evidence summary judgment case, and included a statement in its argument that there was no evidence that it had any control over the performance of the work of Logistics or Lozano. The Matas' brief ignores the extensive argument by Argos USA in

---

[6]In their live petition, the Matas alleged that Logistics was the agent of Argos USA, that Logistics as an agent of Argos USA was negligent in hiring and retaining Lozano, and that Argos USA was liable for the actions of its agent. They also alleged a cause of action for the negligent hiring of Lozano based on its alleged non-delegable duties under the FMCSR and the Texas Transportation Code that we have previously discussed. The Matas also allege liability under Sections 402, 411, 424, and 427 for the negligent hiring of Lozano. However, because Logistics hired Lozano, not Argos USA, this theory of liability also appears to rest on either Logistics being the agent of Argos USA or Argos USA being a motor carrier under the FMCSR and the Texas Transportation Code in regard to the accident.

14

its summary judgment motion that the evidence showed that it did not control or have a right to control the means and details of the work of Logistics or Lozano and its reliance on authorities other than *Gonzalez*. In fact, in this portion of the summary judgment motion, Argos USA did not rely on *Gonzalez*. The Matas also do not mention in their brief any of the evidence produced by Argos USA in support of its summary judgment motion. Finally, the Matas fail to explain how the trial court erred in granting the traditional summary judgment when Argos USA produced evidence that it did not control and did not have the right to control the means and details of the work of either Logistics or Lozano, simply because Argos USA also pointed out that there was no evidence to the contrary. The Matas also do not cite authority supporting an argument that it would be error to grant summary judgment under these circumstances.

To the extent that the Matas' brief can be construed as a challenge to the legal sufficiency of the evidence supporting the trial court's summary judgment on these claims, the Matas do not mention the evidence produced by Argos USA or analyze how the evidence was insufficient, do not cite any authority that would support an argument that the evidence was insufficient, and do not make any citations to the record that would support a complaint that the evidence produced by Argos USA was insufficient. As a result, we conclude that any complaint that the evidence is legally insufficient is inadequately briefed and waived.[7] *See* TEX. R. APP. P. 38.1(i); *Rahman*,

---

[7]Even if the Matas had properly challenged the sufficiency of the evidence supporting the trial court's summary judgment on its common-law claims, we would find that Argos USA produced sufficient evidence that Logistics was its independent contractor, that Lozano was Logistics's independent contractor, and that Argos USA did not have actual control or the right to control Logistics's or Lozano's performance of their work. For that reason, we would find that, as a matter of law, Argos USA was not liable to the Matas for the torts of Logistics or Lozano and that it owed no duty to the Matas to ensure that Logistics and Lozano performed their work safely.

15

2018 WL 1373890, at \*2; *Brown*, 2015 WL 4760201, at \*5–6; *Teter*, 261 S.W.3d at 799; *Smith*, 42 S.W.3d at 363–64.

Since the Matas' second issue has not shown any trial court error, we overrule it.

In their third issue, the Matas assert that summary judgment on their common-law claims was improper because there were genuine issues of material fact that preclude summary judgment. The Matas point to the following evidence:

1.      Argos USA retained Logistics to obtain trucks and drivers since 2013 to deliver raw materials, sometimes as often as eight to ten deliveries per day.[8]

2.      Argos USA's own safety policies set forth in a document entitled "Road Safety Best Practices Guideline" regarding the hiring of contractors (a) acknowledged the safety risks inherent in hiring contactors, (b) required contractors to comply with pre-selection requirements, and (c) required contractors hired for off-site transportation to have a safety management process for road safety that included that its vehicles pass inspections and that it repair any found defects.

3.      The testimony of Jesse Belmon, Argos USA's safety representative that (a) Argos USA had not adopted the safety standards for contractors, (b) that he had not addressed risks regarding contractors, (c) that Argos USA had not applied the road safety elements in pre-selecting contractors, (d) that he did not know if Lozano had a road safety policy, and (e) that he did not know whether Argos USA had a system to find and repair defects in contractor's vehicles.[9]

4.      Testimony that Argos USA did not require an application from Logistics.

The Matas argue that, because there was evidence that Argos USA recognized the risk of hiring outside contractors but did not follow its own safety policies in hiring them, this was

---

[8]Although the Matas point to this evidence, they fail to analyze how this fact would create any liability for Argos USA for the torts of Logistics.

[9]Belmon also testified that he had never seen the "Road Safety Best Practices Guideline" before his deposition. By affidavit, he also testified that the document was not a manual in use by Argos USA and that the manual apparently originated with an Argos entity in Colombia.

sufficient to create a genuine issue of material fact as to whether Argos USA was negligent and grossly negligent.

"A legal duty must exist before a defendant can be liable for negligence." *Entex, A Div. of Noram Energy Corp. v. Gonzalez*, 94 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Reeder v. Daniel*, 61 S.W.3d 359, 364 (Tex. 2001)). "Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.* (citing *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999)). A company's internal policies, taken alone, do not establish the standard of care. *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 92 (Tex. 2004). Likewise, a company's internal policies or procedures "do not create a negligence duty where none would otherwise exist." *Entex*, 94 S.W.3d at 10 (citing *Jacobs-Cathey Co. v. Cockrum*, 947 S.W.2d 288, 291–92 (Tex. App.—Waco 1997, writ denied); *Estate of Catlin v. Gen. Motors Corp.*, 936 S.W.2d 447, 451 (Tex. App.—Houston [14th Dist.] 1996, no writ)).

For that reason, even assuming that the "Road Safety Best Practices Guideline" is properly before us,[10] it is not sufficient by itself to create a duty on the part of Argos USA toward the Matas. Nevertheless, the Matas argue that the affidavits of their experts established that duty, the standard of care, and Argos USA's breach of duty. The Matas cite us to the entire initial affidavit of its expert, Brian K. Jones, consisting of approximately eighteen pages, and to Jones's

---

[10]In the trial court, Argos USA objected to the admission of this document because it lacked authentication. The trial court did not rule on that objection. On appeal, the parties dispute whether Argos USA's objection to the Matas' proffered authentication was an objection as to its form, which is waived if not ruled on by the trial court, or an objection to its substance, which is not waived by the lack of a trial court ruling. *See Wakefield v. Wells Fargo Bank, N.A.*, No. 14-12-00686-CV, 2013 WL 6047031, at *2 (Tex. App.—Houston [14th Dist.] Nov. 14, 2013, no pet.) (mem. op.). Because the result will be the same whether we consider the evidence or not, we need not decide the nature of the objection.

17

entire supplemental affidavit with its attachments, consisting of almost 300 pages, without identifying which pages contain the relevant portions. We have reviewed Jones's initial affidavit and have determined that it does not mention Argos USA at all and expresses no opinion as to its duty, the applicable standard of care, or any breach of duty by Argos USA. Our review of Jones's supplemental affidavit reveals that it quotes at length from the "Road Safety Best Practices Guideline," but only expresses the opinion that Argos USA was in violation of its own policies and procedures and that it failed to comply with the objective stated in the policies. Jones does not express an opinion regarding Argos USA's duty, the standard of care, or Argos USA's breach of any duty.

Even indulging every reasonable inference in favor of the Matas, this evidence only shows that Argos USA may have had internal safety policies regarding the hiring of contractors that it failed to follow. Because a company's internal safety policies do not establish a standard of care or duty, this evidence is insufficient to raise a genuine issue of material fact of any duty on the part of Argos USA. Without a legal duty, a claim for negligence fails. *See Fulgham*, 154 S.W.3d at 92–93; *Entex*, 94 S.W.3d at 9–11. Likewise, without a legal duty there can be no gross negligence. *See Shell Oil v. Humphrey*, 880 S.W.2d 170, 174 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (a finding of gross negligence requires a finding that the defendant owed a duty of care to the plaintiff). We, therefore, overrule the Matas' third issue.

Finally, although the Matas do not designate it as one of their issues on appeal, in their discussion of the first two issues, the Matas argue that the trial court erred in granting summary judgment on all their common-law claims because Argos USA did not specifically identify each

18

of the claims in its motion for summary judgment. The Matas argue that, in their live petition, they asserted the following claims that were not addressed in the motion for summary judgment:

1.  Argos USA "had a common law duty to keep the roads safe for the general public";

2.  Argos USA "voluntarily assumed a duty to Lozano to require a safe truck";

3.  Argos USA should have warned Lozano to "install side underride guards in or about 2014";

4.  Argos USA owed a duty to the Matas to "make the trailer safer by equipping it with automatic brake adjusters, working brake lights and side underride guards"; and

5.  Argos USA had a non-delegable duty to direct "Lozano truck to operate in a safe condition while it was on their property."

As the Matas point out, "[s]ummary judgments . . . may only be granted upon grounds expressly asserted in the summary judgment motion." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (citing TEX. R. CIV. P. 166a(c)). Further, "[g]ranting a summary judgment on a claim not addressed in the summary judgment motion . . . is, as a general rule, reversible error." *Id.* (citing *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983) (per curiam)).

However, in *G & H Towing*, the court also recognized that the harmless error rule applies to summary judgments. *Id.* For that reason, "[a]lthough a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, . . . the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 297–98 (citing *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38 (Tex. App.—Texarkana 1999, pet. denied)). Thus, a summary judgment may be affirmed even

19

though the "motion omitted one of multiple causes of action, when the omitted ground was intertwined with, and precluded by, a ground addressed in the motion." *Id.* at 297 (citing *Zarzosa v. Flynn*, 266 S.W.3d 614, 621 (Tex. App.—El Paso 2008, no pet.); *Withrow*, 990 S.W.2d at 437–38; *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754–55 (Tex. App.—San Antonio 1998, no pet.); *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied)).

A review of the Matas' live petition shows that their assertion of each of the omitted causes of action was based on their allegations that Argos USA had the right to control the safety features of Lozano's truck, that Argos USA had a duty because of its agency relationship with Logistics, or that Argos USA had non-delegable duties under the FMCSR and the Texas Transportation Code. As a result, each of these causes of action was intertwined with, and precluded by, grounds asserted in the motion upon which the trial court granted summary judgment. *Id.* For that reason, we find that any error by the trial court in granting summary judgment on the causes of action omitted from the summary judgment motion was harmless. *Id.* at 298.

## IV. Conclusion

For the reasons stated, we affirm the trial court's summary judgment and dismissal of all the Matas' claims against Argos USA.

Scott E. Stevens
Justice

Date Submitted:     February 9, 2022
Date Decided:      April 22, 2022

20